UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

ROBERT PICHE, JR.,

        Plaintiff,

v.

SAFECO INSURANCE, et al.,

        Defendants.

2:10-CV-1982 JCM (GWF)

**ORDER**

Presently before the court is defendant Safeco Insurance Company's motion for summary judgment. (Doc. # 17). Plaintiff Robert Piche, Jr., filed a response. (Doc. # 18). The defendant replied. (Doc.# 21).

The plaintiff's complaint arises out of the defendant's allegedly insufficient tender of $10,000 in response to a traffic accident involving the plaintiff. The plaintiff was not at fault in the accident, but did suffer numerous injuries. The individual who caused the accident (hereinafter: "tortfeasor") was insured for $15,000. This amount was put towards the plaintiff's costs as a result of the accident, which amount to more than $25,000. The plaintiff had a policy with the defendant in the amount of $25,000. The defendant sent a check to the plaintiff in the amount of $10,000 (the difference between the policy amount and the amount tendered by tortfeasor's insurance), which the plaintiff refused to accept. The dispute between the parties centers around whether the defendant is required to pay the plaintiff the full $25,000, or if the policy entitles the plaintiff to only $10,000 after

**James C. Mahan**
**U.S. District Judge**

1  considering the $15,000 contributed by the tortfeasor's insurance company.

2  The plaintiff states three claims for relief in his complaint: (1) breach of contract; (2) unfair
3  claims practices under NRS 686A.310; and (3) breach of covenant of good faith and fair dealing.
4  (Doc. # 1-1). Alternatively, the plaintiff asks the court to grant leave to amend should his complaint
5  be deemed deficient. (Doc. # 18).

6  **I.   MOTION FOR SUMMARY JUDGMENT (Doc. # 17)**

7  Summary judgment is appropriate when, viewing the facts in the light most favorable to the
8  nonmoving party, there is no genuine issue of material fact, and the moving party is entitled to
9  judgment as a matter of law. *Bagdadi v. Nazar,* 84 F.3d 1194, 1197 (9th Cir. 1996); FED. R. CIV.
10  P. 56(c). The moving party bears the burden of presenting authenticated evidence to demonstrate
11  the absence of any genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317,
12  323 (1986); *see Orr v. Bank of America*, 285 F.3d 764 (9th Cir. 2002) (articulating the standard for
13  authentication of evidence on a motion for summary judgment).

14  **A.   First Claim for Relief – Breach of Contract**

15  This claim presents a conflict of law issue, as the parties disagree over whether the court
16  should apply California or Nevada law. The Nevada Supreme Court "has adopted the substantial
17  relationship test to resolve conflict of law questions." *Williams v. United States Automodible Assoc.*,
18  109 Nev. 333, 334 (1993) (*citing Sievers v. Diversified Mtg. Investors*, 95 Nev. 811, 815 (1979)).
19  To determine which state has the most substantial relationship, the court must weigh "a. the place
20  of contracting, b. the place of negotiation of the contract, c. the place of performance, d. the location
21  of the subject matter of the contract, and e. the domicile, residence, nationality, place of
22  incorporation and place of business of the parties." *Williams,* 109 Nev. at 335 (*citing Sotirakis v.
23  U.S.A.A.*, 106 Nev. 123, 126 (1990)).

24  Here, the policy was entered into in California by a California resident with the clear
25  expectation that the location of risk would be California; however, the plaintiff asserts that California
26  law should not be used because the accident occurred in Nevada, and applying California law would
27  violate a strong public policy of Nevada in favor of maximizing the availability of indemnification

28

**James C. Mahan**
**U.S. District Judge**

- 2 -

for injuries arising from vehicular collisions. (Doc. # 18). This argument has been rejected by the Nevada Supreme Court in a case presenting similar facts. *See Williams*, 109 Nev. 333.

In Williams, the plaintiff was stationed at an Air Force base in California when he got into a car accident in Nevada during a four-week assignment there. *Id.* at 333. His insurance tendered him the full amount of bodily injury liability coverage under the policies involved, but the plaintiff brought further claims under underinsured motorist coverage provisions, medical payments, and seatbelt provisions, which the insurance company refused to pay. *Id.* at 334. The issue was whether California or Nevada law applied. *Id.*

The court determined that, because it was clear that the policy was entered into with the intent of California law applying, and because California law did not violate any strong public policies of Nevada, that California law should be applied. *Id.* at 335 ("Additionally, we conclude that application of California law to this case does not violate a strong fundamental public policy of Nevada."); *see also Id.* at 336 ("If we disregard this important conflicts function here because a contract provision is not in accord with our statutes and thus violative of a strong forum public policy, we would perhaps rarely find another state's laws controlling.") Accordingly, this court applies California law here.

The applicable section of California Insurance Code, section 11580.2(p)(5), provides that "[t]he insurer paying a claim under this section shall, to the extent of the payment, be entitled to reimbursement or credit in the amount received by the insured from the owner or operator of the underinsured motor vehicle or the insurer of the owner or operator." The policy at issue provides, in part, that with respect to uninsured and underinsured motor vehicles, "the limit of liability shall be reduced by all sums: 1. Paid because of the bodily injury by or on behalf of persons or organizations who may be legally responsible." (Doc. #17-3, Ex. 2).

The collateral source rule denies a tortfeasor from reducing the amount he owes to a victim because of compensation "from a source wholly independent of the tortfeasor." *Helfend v. S. Cal. Rapid Transit District*, 2 Cal. 3d 1, 6 (1970). "[T]he collateral source rule . . . permits a proper transfer of risk from the plaintiff's insurer to the tortfeasor. . . ." *Id.* at 11.

James C. Mahan
U.S. District Judge

- 3 -

Here, the plaintiff received $15,000 from the tortfeasor's insurance company. The plaintiff's underinsured motorist coverage provides for coverage up to $25,000. The defendant offered to pay $10,000 as it is entitled to reimbursement "in the amount received by the insured from . . . the insurer of the owner or operator." *See* Cal. Ins. Code § 11580.2(p)(5). California law and the plaintiff's policy do not provide the plaintiff the right to recover more than $10,000 from the defendant.

The collateral source rule does not apply to the defendant in this case, because, as the plaintiff's insurance company, it is *not* a tortfeasor. Thus, while the plaintiff would be entitled to pursue further recovery from the tortfeasor, the plaintiff agreed to an exchange of the tortfeasor's policy limits in return for resolution of all claims plaintiff would have against him. (Doc. #18). Accordingly, under the above-cited terms of the agreement, there was no breach of contract, and summary judgment is appropriate.

**B.     Second Claim for Relief – Violations of NRS 686A.310**

California law applies in this case. Thus, the claim filed under NRS 686A.310 is inappropriate, and summary judgment in favor of the defendant is appropriate.

**C.     Third Claim for Relief – Breach of Covenant of Good Faith and Fair Dealing**

Nevada has defined bad faith as (1) an insurer's denial of an insured's claim (2) without any reasonable basis; and (3) the insurer's knowledge or awareness of the lack of any reasonable basis to deny coverage, or the insurer's reckless disregard as to the unreasonableness of the denial. *See Pioneer Chlor Alkali Co. v. National Union Fire Ins. Co.*, 863 F. Supp. 1237, 1247 (D. Nev. 1994) (*citing American Excess Ins. Co. v. MGM Grand Hotels*, 102 Nev. 601, 605 (1986)).

The plaintiff argues that the defendant's refusal to pay $25,000 despite knowing about the plaintiff's injuries amounts to bad faith, but the fact is that the defendant offered an appropriate amount under both the plain terms of the policy and under California law. Therefore, there can be no bad faith, and summary judgment is appropriate.

**II.     LEAVE TO AMEND (Doc. # 18)**

The plaintiff requests leave to amend the complaint pursuant to Federal Rule of Procedure 15(a). (Doc. # 18). "The court should freely give leave when justice so requires." Fed. R. Civ. P.

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  15(a)(2). "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment; and (5) whether plaintiff has previously amended his complaint." *Ascon Properties, Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989). Plaintiff is required to file a motion to amend pursuant to Local Rule 15–1, and must "attach the proposed amended pleading to any motion to amend so that it will be complete in itself without reference to the superseded pleading."

Here, notwithstanding plaintiff's failure to attach the proposed amended pleading, the court finds that amending the complaint to file under California law would be futile, as the defendant has not breached the contract as a matter of law. Therefore, leave to amend is denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Safeco Insurance Company's motion for summary judgment (Doc. # 17) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff Robert Piche, Jr.'s request for leave to amend (doc. # 18) be, and the same hereby is, DENIED.

DATED July 29, 2011.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**